UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ZINUS, INC., | ) |
| Plaintiff, | ) |
| v. | ) Court No. 23-00272 |
| UNITED STATES, | ) |
| Defendant. | ) |

# COMPLAINT

Zinus, Inc. ("Plaintiff," "Zinus," or "Zinus U.S."), by and through its counsel, hereby alleges and states as follows:

## JURISDICTION

1. Plaintiff brings this action pursuant to Section 517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015 ("EAPA") to contest certain aspects of U.S. Custom and Border Protection's ("CBP's") determination as to evasion in EAPA consolidated case number 7718. See "Determination as to Evasion in EAPA Consolidated Case No. 7718," CBP Trade Remedy Law Enforcement Directorate (July 21, 2023) ("July 21, 2023 Determination as to Evasion"). Zinus also contests certain aspects of CBP's final Administrative Review determination. See "Administrative Review Determination in EAPA Consolidated Case No. 7718," CBP Office of Trade Regulations & Rulings (Nov. 29, 2023) ("Nov. 29, 2023 Final Administrative Determination"). See 19 U.S.C. § 1517(g).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) because this appeal is taken pursuant to 19 U.S.C. § 1517 within 30 business days of the date of the determination.

**STANDING**

3.     Zinus imported certain metal and wood platform beds produced in China subject to CBP's EAPA investigation, in which Zinus participated. Zinus U.S. is an importer and corporation organized under the laws of the United States. Therefore, Zinus is an interested party within the meaning of 19 U.S.C. § 1517(a)(6) and 28 U.S.C. § 2631(k)(1).

4.     Further, following CBP's affirmative determination as to evasion, Plaintiff is potentially subject to antidumping duties and is therefore adversely affected or aggrieved by agency action within the meaning of Section 702 of the Administrative Procedure Act, as amended 5 U.S.C. § 702. Accordingly, Plaintiff Zinus has standing to commence this action pursuant to 28 U.S.C. § 2631(i).

**TIMELINESS OF THIS ACTION**

5.     CBP's Trade Remedy Law Enforcement Directorate ("TRLED"), issued a Determination as to Evasion on July 21, 2023. CBP's Office of Trade, Regulations and Rulings ("ORR") issued a Final Administrative Determination on November 29, 2023.

6.     Concurrent with the filing of this Complaint, on December 29, 2023, Plaintiff timely filed a Summons to commence this action within 30 business days after publication of CBP's Nov. 29, 2023 Final Administrative Determination. Plaintiff has also adhered to all service and notification requirements as set out by Rules 3 and 4 of the U.S. Court of International Trade. Accordingly, Plaintiff has commenced this action within the statutorily-prescribed time limits specified in 19 U.S.C. § 1517(g)(1).

**STATEMENT OF FACTS**

7.     On January 4, 2005, the U.S. Department of Commerce ("Commerce") issued an antidumping order covering wooden bedroom furniture from China. *See Notice of Amended*

*Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Wooden Bedroom Furniture from the People's Republic of China,* 70 Fed. Reg. 329 (Jan. 4, 2005) ("*WBF Order*"). The scope of the *WBF Order*, in relevant part, covers wooden beds that are "made substantially of wood products, including both solid wood and also engineered wood products made from wood particles, fibers or other wooden materials such as plywood . . ." *Id*.

8. On March 23, 2022, CVB Inc., dba Malouf ("CVB") filed an allegation with TRLED contending that Zinus was importing certain platform beds of Chinese origin, specifically platform beds comprised of wooden headboards and/or footboards with metal frames and legs, into the United States by use of general product description and misclassification as metal furniture. On March 26, 2022, CVB supplemented its allegation by providing copies of certain Commerce scope rulings made pursuant to the *WBF Order*. TRLED acknowledged receipt of the allegations on March 23, 2022.

9. Prior to CBP's initiation of the EAPA investigation and before Zinus had any knowledge of a formal investigation, on August 4, 2022, CBP issued three CBP Form 28 ("CF-28") requests for information to Zinus U.S. seeking detailed sales, production, and factory documentation related to three entries of merchandise from China.

10. Also on August 4, 2022, at the request of TRLED, CBP conducted a cargo exam related to a Zinus entry ending in 0046.

11. On an unknown later date, CBP requested that additional Zinus entries be held for examination "as an additional investigative measure." *See* TRLED, "Notice of Investigation and Interim Measures: EAPA Case 7718" (Oct. 24, 2022) ("Notice of Initiation and Interim Measures") at 6.

12.     On September 28, 2022, CBP examined shipments related to a Zinus entry ending in 5482.  In its Notice of Initiation and Interim Measures, TRLED noted that CBP's Office of Field Operations at the Port of Charleston reported that certain merchandise within Zinus' entry were "described as metal bed frames."  Citing various cargo examination results, CBP also claimed to identify specific Zinus platform bed models that contained allegedly misclassified merchandise.

13.     On October 4, 2022, having determined that CVB's allegations reasonably suggested that Zinus caused merchandise covered by the *WBF Order* to enter U.S. Customs territory through evasion, TRLED initiated an investigation under EAPA Case Number 7718 with respect to Zinus U.S. and imposed interim measures described in the Notice of Initiation and Interim Measures.  Zinus received only the public version of TRLED's Notice of Initiation and Interim Measures.  Moreover, Zinus had no knowledge of, let alone an opportunity to respond to, CVB's allegation prior to this initiation and imposition of interim measures.

14.     In its Notice of Initiation and Interim Measures, CBP cited several cargo examination reports, at least some of which were placed on the administrative record on October 4, 2022.  *See* Notice of Initiation and Interim Measures at 7-8.  Zinus was not made aware of the particular shipment numbers that were subject to cargo examinations later relied upon by TRLED in its Notice of Initiation and Interim Measures.

15.     On October 24, 2022, Zinus submitted responses to the above-mentioned CF-28s covering three Zinus entries of merchandise from China.

16.     On October 26, 2022, counsel for Zinus and TRLED participated in a virtual meeting to discuss interim measures.  During the meeting, TRLED requested data regarding

4

Zinus U.S.'s imports of furniture of Chinese origin imported by Zinus U.S. from June 27, 2021 through June 27, 2022.

17. On November 7, 2022, pursuant to TRLED's request, Zinus U.S. provided the requested data for all furniture products of Chinese origin imported by Zinus U.S. during the period specified by CBP. As a part of this submission, Zinus U.S. provided records to demonstrate that Zinus had transitioned to using bamboo rather than wood in the majority of its mixed media platform bed products.

18. On November 17, 2022, CVB submitted a response to Zinus' November 7, 2022 submission.

19. On December 12, 2022, CBP issued Zinus U.S. an importer request for information ("RFI") requesting detailed information, including extensive sales and production documentation for several entries that contained no shipments of metal and wood platform beds.

20. On December 12, 2022, CBP also issued manufacturer RFIs to three of Zinus U.S.'s affiliated companies, including Zinus U.S.'s Korean parent company, Zinus Inc., a Zinus trading company based in China (Zinus Xiamen Inc.), and a Zinus manufacturer based in China (Zinus (Fujian) Inc). These manufacturer RFIs also sought extensive sales and production data, including detailed reconciliations.

21. On December 16, 2022, CBP issued an RFI to an unknown manufacturer which CBP stated Zinus had "received covered merchandise from." *See* July 21, 2023 Determination as to Evasion at 3. This company apparently never responded to TRLED's request. A copy of this questionnaire was not provided to Zinus or counsel, nor was it placed on the administrative record while the investigation was ongoing.

22. On December 30, 2022, Zinus submitted its CF-28 responses to the record of the EAPA investigation, pursuant to TRLED's request.

23. On January 30, 2023, Zinus U.S. and its affiliates timely submitted complete responses to TRLED's December 12, 2022 importer and manufacturer RFIs, including extensive information in response to each of TRLED's requests.

24. On February 6, 2023, Zinus submitted additional voluntary factual information on the record of the EAPA investigation. Zinus also included a request that CBP place on the record of the proceeding any final reports resulting from the inspection of merchandise within Zinus entries detained during the period of investigation. CBP did not respond to Zinus' request, and the results of the examinations of Zinus' merchandise were never made available to Zinus.

25. On February 9, 2023, CVB submitted a brief response to Zinus' January 30, 2023 and February 6, 2023 submissions.

26. On March 1, 2023, Zinus U.S. notified TRLED of ongoing Department of Commerce scope proceedings on the same merchandise subject to the EAPA investigation. Zinus requested that CBP stay the EAPA proceedings to seek advice from Commerce pursuant to 19 C.F.R. § 165.16 to clarify whether these products were within the scope of the *WBF Order*.

27. On April 4, 2023, TRLED issued two supplemental requests for information ("SRFI") to Zinus U.S.: an "Identified Manufacturer Supplemental Request for Information" and an "Importer Supplemental Request for Information."

28. On May 2, 2023 and May 5, 2023 Zinus timely submitted its responses to both SRFIs.

29. On May 30, 2023, Zinus submitted a written argument to TRLED.

30. On June 14, 2023, CVB submitted a response to Zinus' written argument.

31. On July 21, 2023, TRLED issued its Notice of Determination as to Evasion, finding that there was substantial evidence that Zinus entered merchandise covered by the *WBF Order* through evasion. In support of its determination, TRLED again underscored its reliance upon redacted cargo exam information. Zinus received only the public version of TRLED's determination memorandum. CBP also claimed that Zinus' classifications of certain metal and wood platform beds as metal furniture classifiable under HTS 9403.20.0040 amounted to misclassification indicative of evasion. CBP has subsequently indicated that this HTS is, in fact, the correct HTS for similar and identical models made of metal and bamboo.

32. On September 1, 2023, Zinus submitted a request for Administrative Review of TRLED's determination to ORR. Included in Zinus' submission was a further request that CBP suspend the EAPA investigation and seek advice from Commerce with respect to the scope of *WBF Order*. Zinus also requested that CBP comply with the recent court decision in *Royal Brush Manufacturing, Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023), which requires CBP to disclose to Zinus' counsel all of the information improperly withheld during the course of the investigation.

33. On September 19, 2023, CVB submitted a response to Zinus' request for Administrative Review.

34. On November 29, 2023, CBP issued its final administrative determination in response to Zinus' request for Administrative Review, affirming TRLED's July 21, 2023 Determination as to Evasion. In this decision, ORR refused to release to Zinus the critical information withheld from Zinus during the course of the investigation. ORR also continued to refuse to seek advice from Commerce as to the proper scope of the *WBF Order* and found that a limited number of Zinus models fell within the scope of the *WBF Order*, including OLB-IRPBH

("Suzanne" or "Ironline"), FBOWNM ("Wesley"), HBPBA ("Paul"), HBPBB ("Olivia"), and OLB-RPPBC ("Therese").

35. On November 29, 2023, ORR provided the public version of its final administrative determination electronically to Zinus' counsel electronically via e-mail. Because CBP stated it only relied upon Zinus' proprietary information, counsel for Zinus requested the proprietary version of ORR's final administrative determination. Counsel for Zinus did not receive a response.

## STANDARD OF REVIEW

36. The standard of review of an initial determination under 19 U.S.C. § 1517(c) for an administrative review of such determination under 19 U.S.C. § 1517(f) is set forth in 19 U.S.C. § 1517(g)(2) as follows:

> In determining whether a determination under subsection (c) or review under subsection (f) is conducted in accordance with those subsections, the United States Court of International Trade shall examine—
>
> (A) whether the Commissioner fully complied with all procedures under subsections (c) and (f); and
>
> (B) whether any determination, finding, or conclusion is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

## STATEMENT OF CLAIMS

37. TRLED's July 21, 2023 Determination as to Evasion and ORR's Nov. 29, 2023 Final Administrative Determination are arbitrary and capricious and thus an abuse of discretion or otherwise contrary to law in the following respects:

## COUNT I

38. Paragraphs 1 through 37 of this Complaint are incorporated herein by reference.

39. During the proceedings, Zinus provided substantial legal and factual evidence demonstrating that the Zinus models named by CBP in its final administrative determination are

properly classified as metal furniture, as Zinus used wood only as a decorative rather than structural component in each of the models of metal and wood platform beds at issue. While TRLED and ORR based their evasion determination on what CBP claims is a straightforward interpretation of the *WBF Order*, at minimum, whether or not these models fall within the scope of the *Order* is ambiguous.

40. 19 C.F.R. § 165.16(a) requires CBP to seek clarification as to the scope of the order and suspend the investigation in such circumstances. CBP did not do so and instead took upon itself Commerce's duty to determine whether these products are covered by the *WBF Order*.

41. CBP's decision not to seek clarification was arbitrary and capricious and thus an abuse of discretion, and is otherwise not in accordance with the law.

## COUNT II

42. Paragraphs 1 through 41 of this Complaint are incorporated herein by reference.

43. Zinus placed ample legal and factual evidence on the record of this proceeding to support its position that the metal and wood models subject to the EAPA investigation cannot properly be considered to fall within the scope of the *WBF Order*.

44. The scope of the *WBF Order*, in relevant part, describes the types of beds subject to the *Order*, including wooden beds that are:

> made substantially of wood products, including both solid wood and also engineered wood products made from wood particles, fibers, or other wooden materials such as plywood, strand board, particle board, and fiberboard, with or without wood veneers, wood overlays, or laminates, with or without non-wood components or trim such as metal, marble, leather, glass, plastic, or other resins, and whether or not assembled, completed, or finished.

45. In its final administrative determination, ORR found that the beds at issue in the EAPA investigation fell within the scope of the *WBF Order* because they incorporated wooden

headboards and/or footboards. However, neither the plain language of the *WBF Order* nor any subsequent Commerce scope ruling has clearly defined complete platform beds incorporating decorative wooden headboard and footboard elements to be "made substantially of wood products" within the scope of the *WBF Order*.

46. CBP's determination that the Zinus merchandise subject to the disputed EAPA investigation falls clearly within the scope of the *WBF Order* was based on an improper and incomplete analysis of legal and factual record evidence. CBP's finding as to evasion is premised entirely on CBP's own independent scope finding.

47. CBP's determination was thus incorrect, arbitrary and capricious, and otherwise not in accordance with the law.

## **COUNT III**

48. Paragraphs 1 through 47 of this Complaint are incorporated herein by reference.

49. The purpose of the EAPA statute is to address issues of evasion and circumvention.

50. The underlying facts show that the matter in question is not a case of evasion or circumvention, but rather is a fully disclosed and open dispute as to the classification and scope of an antidumping duty order, as CBP confirmed in its final administrative determination.

51. A reasonable disagreement over the scope of the *WBF Order* cannot be considered a "material and false statement or act or a material omission" within the meaning of 19 U.S.C. § 1517. An affirmative determination as to evasion under EAPA in the absence of a colorable allegation or evasion or circumvention is not permitted under the statute.

52. CBP's conclusion that Zinus "evaded" the Orders, is thus arbitrary, capricious, an abuse of discretion, and is otherwise not in accordance with the law.

## COUNT IV

53. Paragraphs 1 through 52 of this Complaint are incorporated herein by reference.

54. CBP relied upon certain confidential information not made available to Zinus when it initiated the investigation and imposed interim measures, including confidential information included in CVB's complaint, information contained in the cargo examination reports ordered by CBP as a part of the EAPA investigation, and CBP's own independent research.

55. The Federal Circuit held in *Royal Brush Manufacturing*, that "where governmental action seriously injures an individual, and the reasonableness of the action depends on fact findings" CBP cannot withhold key information from a respondent in an EAPA investigation and must disclose this information. 75 F.4th at 1257 (Fed. Cir. 2023) (citing *Greene v. McElroy*, 360 U.S. 474, 496 (1959)).

56. In this matter, CBP did not disclose certain information to Zinus and/or Zinus' counsel, including the details included in CVB's complaint or CBP's cargo exams, thereby depriving Zinus of the ability to review and rebut the evidence against it prior to the imposition of interim measures, which caused serious harm to Zinus.

57. CBP's failure to provide Zinus with the confidential information making up the substance of the allegations and the basis of the determination was a violation of Zinus' rights to due process. This violation applies to each step in the process: CBP's determination to initiate the investigation and impose interim measures, CBP's initial evasion decision, and CBP's final determination pursuant to administrative review. At each turn Zinus did not have access to the full set of record facts that underpinned CBP's analysis. Even where CBP may have relied on information provided by Zinus, the inability to access the full administrative record deprived

Zinus and counsel from fully assessing the record facts before CBP to assess any and all arguments that may have been available.

58. The deprivation of Zinus' due process rights means CBP's affirmative evasion finding is improper and must be dismissed.

## **COUNT V**

59. Paragraphs 1 through 58 of this Complaint are incorporated herein by reference.

60. As detailed above, to date, Zinus and counsel have not been granted access to all of the evidence that CBP gathered in reaching its evasion determination. As such, Zinus challenges any and all aspects of CBP's determination on the basis of any additional claims or theories that may become relevant once Zinus and counsel are able to view the full administrative record.

**REQUEST FOR RELIEF**

For the foregoing reasons, Zinus respectfully requests that this Court hold the foregoing aspects of CBP's determination as to evasion and final administrative review arbitrary and capricious and otherwise not in accordance with law. Therefore, Zinus respectfully requests that this Court remand these determinations to CBP with instructions to terminate this investigation and order the liquidation of entries without the addition of antidumping duties, and provide other such relief as this court deems appropriate.

Respectfully submitted,

/s/ J. David Park
J. David Park
Lynn Fischer Fox
Henry D. Almond
Kang Woo Lee
Gina M. Colarusso
Archana Rao P. Vasa

*Counsel to Zinus, Inc.*
*Plaintiff*

ARNOLD & PORTER KAYE SCHOLER LLP
601 MASSACHUSETTS AVENUE, N.W.
WASHINGTON, D.C. 20001
PHONE: (202) 942-5646
FAX: (202) 942-5999

**Dated: December 29, 2023**