IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| ZINUS, INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Court No. 23-00272 <br> ) |
| UNITED STATES, | ) <br> ) |
| Defendant, | ) <br> ) |
| and | ) <br> ) |
| CVB, INC., d/b/a MALOUF, | ) <br> ) |
| Defendant-Intervenor. | ) <br> ) |

ORDER

Upon consideration of defendant's motion for a voluntary remand, it is hereby

ORDERED that defendant's motion is granted; and it is further

ORDERED that this matter is remanded to the Department of Homeland Security, U.S. Customs and Border Protection (CBP) for further consideration of its evasion determination; and it is further

ORDERED that the remand shall be completed and filed within 120 days of this Order; and it is further

ORDERED that, within 10 days of the filing of the remand determination, the parties shall file a joint status report explaining whether further litigation is necessary, and, if so, propose a deadline for the filing of the administrative record and a briefing schedule.

Dated _____  _____
     New York, NY  Judge

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| ZINUS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Court No. 23-00272 |
| UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| CVB, INC., d/b/a MALOUF, | ) ) |
| Defendant-Intervenor. | ) ) |

DEFENDANT'S PARTIAL CONSENT
MOTION FOR A VOLUNTARY REMAND

Pursuant to Rule 7(b) of the Rules of the U.S. Court of International Trade, defendant, the United States, respectfully requests that the Court enter a voluntary remand in this case so that U.S. Customs and Border Protection (CBP or Customs) may reconsider or further explain its evasion determination in light of a January 11, 2024 final scope determination by the Department of Commerce (Commerce)

that recently became final on August 15, 2024.

Remand would allow CBP to reconsider central issues raised in plaintiff's complaint, such as whether the merchandise is "covered merchandise" within the meaning of 19 U.S.C. § 1517(a)(5). *See* Compl. ¶¶ 38-52, ECF No. 3. Remand would also allow CBP to review the administrative record and provide plaintiff with access to confidential information not previously made available during the investigation and the administrative review and an opportunity to respond to such information.

On September 9, 2024, counsel for the United States sent the proposed motion to counsel for plaintiff, Zinus, Inc. (Zinus), and counsel for Defendant-Intervenor, CVB, LLC dba Malouf (CVB). Counsel for Zinus, Henry Almond, indicated on September 10, 2024, that Zinus consents to our motion. Counsel for CVB, Kelly A. Slater, indicated on September 10, 2024, that CVB takes no position on the motion and leaves this matter to the Court's discretion.

## BACKGROUND

Pursuant to section 517(g) of the Tariff Act of 1930, as amended by the Trade Facilitation and Trade Enforcement Act of 2015

(EAPA), Zinus contests CBP's determination that Zinus entered merchandise covered by an antidumping order through evasion. Compl. ¶ 1; *see Determination as to Evasion in EAPA Consolidated Case No. 7718*, CBP Trade Remedy Law Enforcement Directorate (July 21, 2023) (TRLED July 21, 2023 Determination); *Administrative Review Determination in EAPA Consolidated Case No. 7718*, CBP Office of Trade Regulations & Rulings (Nov. 29, 2023). The scope of the antidumping duty order, in relevant part, covers wooden beds that are "made substantially of wood products, including both solid wood and also engineered wood products made from wood particles, fibers or other wooden materials such as plywood[.]" *Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: Wooden Bedroom Furniture from the People's Republic of China*, 70 Fed. Reg. 329, 332 (Dep't of Commerce Jan. 4, 2005) (*WBF Order*)). CBP found that Zinus' imported bedframes containing wood and metal components constituted covered merchandise that had entered into the United States without payment of requisite duties under the *WBF Order*. *See* TRLED July 21, 2023 Determination.

During the pendency of the underlying CBP EAPA investigation, Zinus requested a ruling by Department of Commerce regarding whether its imported metal and wood bedframes are covered by the scope of Commerce's *WBF Order*. On January 11, 2024, Commerce issued a ruling that Zinus' imported bedframes are not covered by the scope of its *WBF Order*. *Wooden Bedroom Furniture from the People's Republic of China: Scope Ruling on Zinus Inc.'s Metal and Wood Platform Beds*, January 11, 2024.

Following Commerce's scope determination and before the deadline to seek judicial review of that determination expired, the Government moved to stay the instant action until Commerce's scope determination either became final, or, if challenged, until the ultimate resolution of any litigation relating to the scope determination. Partially Unopposed Mot. to Stay Proceedings at 1-2, ECF No. 15. As the Government explained to the Court, Commerce's "ruling affects the contested CBP evasion decision in this case as CBP's determination concerns the very same merchandise considered by Commerce in the scope ruling." *Id.* at 3. The Court granted the Government's stay request. Order (Feb. 6, 2024), ECF No. 16. Subsequently, CVB filed an

action in this Court challenging Commerce's scope determination. *See* Def.-Int.'s Resp. to the Court's Order at 1, ECF No. 17; *CVB Inc. v. United States*, No. 24-00036 (Ct. Int.'l Trade). On August 15, 2024, however, CVB voluntarily dismissed its action with prejudice. Thus, as of the date of this filing, Commerce's determination that Zinus' imported metal and wood bedframes are not covered by the scope of its *WBF Order* is final and unappealable.

## ARGUMENT

### I. Standard Of Review

When a party challenges an agency determination in the courts, the agency may "request a remand (without confessing error) in order to reconsider its previous position" and "the reviewing court has discretion over whether to remand." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) (citations omitted). Remand is "usually appropriate" if "the agency's concern is substantial and legitimate." *Id.* An agency's concerns are substantial and legitimate when: (1) "{the agency} provided a compelling justification for its remand request," (2) "the need for finality – although an important consideration – does not outweigh the justification for voluntary remand presented by {the

5

agency}," and (3) the "scope of {the agency's} remand request is appropriate." *Shakeproof Assembly Components Div. of Ill. Tool Works, Inc. v. United States*, 412 F. Supp. 2d 1330, 1336-39 (Ct. Int'l Trade 2005); *see also SKF*, 254 F.3d at 1029-30 (reversing trial court's decision to deny remand and stating that "a remand to the agency is required, absent the most unusual circumstances verging on bad faith," particularly with respect to a change in policy relating to the interpretation of an ambiguous statute); *Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action"). Further, as this Court has explained, when an agency seeks a voluntary remand "to correct a mistake or address some other substantial and legitimate concern, it is far more sensible for a court to defer to the agency whose expertise, after all, consists of administering the statute." *Gleason Indus. Prod. Inc. v. United States*, 31 CIT 393, 396 (2007).

II. <u>Remand Is Warranted</u>

Our request for a voluntary remand for reconsideration is

substantial and legitimate. Specifically, a remand would allow CBP to reconsider whether plaintiff entered "covered merchandise" into the United States within the meaning of 19 U.S.C. § 1517(a)(5), in light of Commerce's now final scope decision. It would also allow CBP to address the Federal Circuit's decision in *Royal Brush Manufacturing Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023). Further, if on reconsideration, CBP concludes that plaintiffs did not import "covered merchandise" for purposes of EAPA, remand will conserve judicial resources by narrowing, if not eliminating, the issues before the Court.

### A. Remand Is Required So That CBP Can Reassess Its Evasion Determination In Light Of Commerce's Scope Ruling

Remand would allow CBP to consider a central issue raised in plaintiff's complaint. Specifically, a remand would allow CBP to reconsider whether Zinus imported "covered merchandise" within the meaning of 19 U.S.C. § 1517(a)(5), in light of Commerce's now final decision that Zinus' imported metal and wood bedframes are not covered by the scope of its *WBF Order*. In other words, CBP will need to evaluate whether the entries at issue in the EAPA investigation in fact contain covered merchandise, i.e., merchandise within the scope of *WBF Order*, which may require CBP to reassess its final determination

7

of evasion.

    This analysis will necessarily implicate many of the claims raised in plaintiff's complaint. Significantly, in counts I through III of its five-count complaint, Zinus alleges that CBP's evasion determination is arbitrary, capricious, an abuse of discretion, and otherwise contrary to law because: (1) CBP did not seek clarification from Commerce as to the scope of the *WBF Order*, (2) CBP premised its evasion determination on its own independent scope finding, and (3) "a reasonable disagreement over the scope of the *WBF Order*" cannot support a finding of evasion. *See* Compl. ¶¶ 40-41, 46, 51. If, after further review, CBP finds that the entries at issue do not contain covered merchandise, it will be unnecessary for the Court to decide these central issues that plaintiff raises in its complaint. Thus, remanding may "essentially expedite{} the relief that {the plaintiff} seeks and may obviate the necessity for remand (or perhaps, any proceedings) later." *Borusan Mannesmann Pipe U.S., Inc. v. United States*, No. 20-00012, 2020 WL 3470104, at *4 (Ct. Int'l Trade June 25, 2020). Further, the scope of the request is appropriate to address the issues that have been raised. Thus, the Government's request is substantial and legitimate. *See Far E. Am.,*

8

*Inc. v. United States*, 673 F. Supp. 3d 1333, 1339 (Ct. Int'l Trade 2023) (granting a voluntary remand "for CBP to take account of Commerce's revised covered merchandise determination in the first instance").

### B. Remand Is Warranted In Light Of The Federal Circuit's Decision In *Royal Brush*

Again, without confessing error, the Government also respectfully requests that the Court grant a limited voluntary remand in light of the Federal Circuit's decision in *Royal Brush* concerning treatment of confidential information. Pertinent to this request, in count IV of its complaint, Zinus alleges that CBP's failure to provide Zinus full access to confidential information that supported CBP's determination of evasion violated Zinus' right to due process. *See* Compl. ¶ 57.

In *Royal Brush*, the Federal Circuit held that there "is no legitimate government interest {} in refusing to provide confidential business information" when any such "concerns about the necessity of secrecy can be alleviated by issuing a protective order{.}" 75 F.4th at 1259. Moreover, the Court noted that Customs has the "inherent authority to issue protective orders" and that there would be "no risk" to "narrowly releasing the information" to the plaintiffs. *Id.* at 1261. Here, it is appropriate for this Court to exercise its discretion in

9

granting the requested remand because plaintiff has raised allegations in its complaint that give CBP a substantial and legitimate concern to reconsider its position in the final decision. Given the *Royal Brush* decision, CBP now acknowledges potential concerns with how it treated confidential information during the underlying review, and how that may have limited plaintiff in responding to the alleger's allegations. Granting our motion is particularly appropriate because a remand may allow Customs to "cure the very legal defects asserted by plaintiffs challenging federal action." *Citizens Against the Pellissippi Parkway*, 375 F.3d at 416; s*ee also Baroque Timber Indus. (Zhongshan) Co. v. United States*, 37 CIT 1123, 1127 (2013) ("Clarifying and correcting a potentially inaccurate determination is a compelling justification {for voluntary remand}.").

    We note, however, that in requesting a limited voluntary remand on this issue, the Government does not waive any defenses regarding the decision at issue nor any arguments related to the merits of the issues before the Court. S*ee, e.g., Tianjin Wanhua Co., Ltd. v. United States*, 253 F. Supp. 3d 1318, 1327-28 (Ct. Int'l Trade 2017) (finding that by requesting a voluntary remand on the entire issue of surrogate

country selection and addressing all of respondent's arguments on remand, Commerce did not waive specific arguments about the quality of Indonesian financial ratio data, which were related to the surrogate country selection issue); *Nippon Steel Corp. v. United States*, 345 F.3d 1379, 1381-82 (Fed. Cir. 2003) (holding that the Court "should have remanded once again for further proceedings rather than instructing entry by the {International Trade} Commission of a negative injury determination.").

## CONCLUSION

For these reasons, we respectfully request that the Court remand this matter to CBP for up to 120 days for further administrative proceedings, and to provide the parties access to business confidential information. We also respectfully request that the Court require the parties to file a joint status report within 10 days of CBP's remand determination explaining if further litigation is necessary and, if so, providing a proposed deadline for the filing of the administrative record and a proposed briefing schedule.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. McCARTHY<br>Director |
|  | /s/ Franklin E. White, Jr.<br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br><br>JOHN FLANAGAN<br>Attorney<br>U.S. Customs and<br>Border Protection<br>Office of Chief Counsel | /s/Liridona Sinani<br>LIRIDONA SINANI<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, DC 20044<br>Telephone: (202) 353-2188<br>Facsimile: (202) 307-0972<br>Email: Liridona.Sinani@usdoj.gov |
| Dated: September 10, 2024 | *Attorneys for Defendant* |