PUBLIC DOCUMENT

**REMAND REDETERMINATION**
*Zinus, Inc. v. United States*
Court No. 23-00272 (Ct. Int'l Trade)
EAPA Case No. 7718
January 10, 2025

## I.   SUMMARY

U.S. Customs and Border Protection (CBP) has prepared this remand redetermination pursuant to the remand order, dated September 11, 2024, issued by this Court.[1] This remand concerns CBP's determination[2] under the Enforce and Protect Act of 2015 (EAPA), that Zinus, Inc. (Zinus) evaded the antidumping duty order (AD Order) on certain wooden bedroom furniture (WBF) products[3] from the People's Republic of China (China). The Court granted the Government's motion for voluntary remand to allow CBP to (i) reconsider its determination that the products imported into the United States by Zinus constituted covered merchandise, consistent with the Department of Commerce's (Commerce) scope ruling regarding Zinus' metal and wood platform beds,[4] and (ii) review the administrative record and provide Zinus with access to confidential information not previously made available during the investigation and the administrative review and an opportunity to respond to such information.

As explained below, after reviewing the information placed on the administrative record during the investigation, in light of the Zinus Scope Ruling, CBP reverses its determination of

---

[1] Order, *Zinus v. United States*, No. 22-00272 (Ct. Int'l Trade Sept. 11, 2024), ECF No. 22.
[2] *See* Notice of Determination as to Evasion in EAPA Case No. 7718 (Jul. 21, 2023) (Public (Pub.) Document (Doc.) No. 176 and Business Confidential (BC) Doc. No. 183) (Determination); *see also* Final Administrative Determination (June 6, 2022) (Pub. Doc. No. 190 and BC Doc. No. 185) (Administrative Review).
[3] *See* Notice of Amended Final Determination of Sales at Less Than Fair Value and Antidumping Duty Order: *Wooden Bedroom Furniture from the People's Republic of China*, 70 Fed. Reg. 329 (Dep't of Commerce Jan. 4, 2005) (Case No. A-570-890) (AD Order).
[4] *Notice of Scope Rulings: Wooden Bedroom Furniture from China: Scope Ruling on Zinus Inc.'s Metal and Wood Platform Beds*, 89 Fed. Reg. 63,407 (Dep't of Commerce Jan. 11, 2024) (Case No. A-570-890) (Zinus Scope Ruling).

evasion because the wooden bedroom furniture entered by Zinus is not covered merchandise within the meaning of EAPA.[5]

## II.    BACKGROUND

On July 21, 2023, following an investigation under EAPA, the Trade Remedy Law Enforcement Directorate (TRLED) issued an affirmative determination of evasion, finding that Zinus imported covered merchandise into the customs territory of the United States through evasion.[6] Based on the substantial evidence on the record, TRLED found that Zinus imported merchandise subject to the AD Order by entering wood and metal platform beds through the use of a general product description and entry as non-covered merchandise not subject to the AD Order.[7] CBP determined that Zinus' material false statements or omissions resulted in the required cash deposits not being collected on its merchandise.[8]

As noted by TRLED, merchandise covered by the AD Order includes "(1) [w]ooden beds such as loft beds, bunk beds, and other beds; [and] (2) wooden headboards for beds (whether stand-alone or attached to side rails), wooden footboards for beds, wooden side rails for beds."[9] TRLED determined that Zinus imported certain models of WBF that were covered merchandise during the period of investigation.[10] TRLED reached this determination based on Zinus' statement that it imported metal and wood platform beds, as well as documentation submitted by Zinus during the investigation.[11] Other evidence relied upon by TRLED in reaching an affirmative finding of evasion included cargo exams and CF-28 responses that indicated certain

---

[5] 19 U.S.C. § 1517.
[6] Determination.
[7] *Id.* at 12.
[8] *Id.*
[9] *Id.* at 5.
[10] *See id.* at 6.  CBP clarifies on remand that Zinus admitted to importing certain wood and metal bed models rather than admitting to entry of covered merchandise.
[11] *Id.*

merchandise imported by Zinus was metal and wood platform beds subject to the AD Order, but such merchandise was misidentified by Zinus.[12]

On November 29, 2023, the Regulations and Rulings Directorate (RR) issued its final administrative determination affirming TRLED's finding of evasion.[13]  RR concluded that products imported by Zinus fit within the plain language of the AD Order.[14]  In reaching its conclusion, RR applied Commerce's previous scope ruling on certain WBF imported by the University Loft Company.[15]  RR found (i) the use of wood products in the beds to be extensive, and (ii) the wood products to be integral to the composition of the beds.[16]

On February 15, 2023, Zinus requested a scope ruling from Commerce regarding whether seven models of metal and wood platform beds that it imports into the United States from China are covered by the scope of the AD Order.  On January 11, 2024, Commerce issued a scope ruling finding that these seven models of metal and wood platform beds imported by Zinus are not covered by the scope of the AD Order.[17]  Commerce relied upon its prior *University Loft* scope ruling and determined that the use of wood products was not extensive in the beds.[18]  It also found that "the wood components are not integral to Zinus' platform bed compositions to such an extent that if the wood was removed, the resulting products would be substantially different from the original product."[19]

---

[12] *Id.* at 6–11.
[13] *See* Administrative Review.
[14] *Id.* at 9–10.
[15] Commerce set forth the following two questions in this scope ruling as guides in determining whether certain merchandise is covered by the scope of the AD Order: "(1) how extensive is the use of wood products in the composition of the furniture; and (2) are the wood products integral to its composition to the extent that if the wood products were removed, the resulting item is substantially different from the item when the wood products were still part of it?"  Wooden Bedroom Furniture from the People's Republic of China: Scope Ruling on University Loft Company's Request (Dep't of Commerce Dec. 13, 2011) ("*University Loft*").
[16] Administrative Review at 10–11.
[17] Zinus Scope Ruling.
[18] *Id.* at 12–13.
[19] *Id.* at 13–14.

In light of the Zinus Scope Ruling, CBP moved to stay proceedings in this matter until the Zinus Scope Ruling became final or, if challenged, until the ultimate resolution of any litigation relating to the Zinus Scope Ruling.[20]  The Court granted CBP's motion.[21]  The alleger and defendant-intervenor in this case, CVB Inc., dba Malouf (CVB), subsequently challenged the Zinus Scope Ruling in this Court.[22]  On August 15, 2024, CVB voluntarily dismissed with prejudice its action challenging the Zinus Scope Ruling.[23]  As a result, the Zinus Scope Ruling became final and unappealable.  CBP in turn moved to voluntarily remand this case to the agency,[24] and the Court granted this motion on September 11, 2024.[25]

On remand, CBP advised the parties by email on September 20, 2024 that the record was reopened.[26]  CBP placed an Administrative Protective Order (APO) on the record and an APO Authorized Recipient List was published.  The Zinus Scope Ruling was also placed on the record.  CBP advised the parties that, in response to the confidential information not previously available or to the Zinus Scope Ruling, the parties may submit factual information and arguments via the EAPA Case Management System (CMS).  On October 10, 2024, CBP advised the parties by email that written arguments may be submitted.[27]  Zinus submitted its comments on October 21, 2024.[28]  Zinus requested that CBP reverse its affirmative evasion determination on remand, arguing that the merchandise reviewed by CBP is not covered by the scope of the AD Order.[29]  Zinus did not submit any factual information.  CVB made no submission to CBP on remand.

---

[20] Def.'s Mot. Stay (Feb. 5, 2024), ECF No. 14.
[21] Order Granting Stay (Feb. 6, 2024), ECF No. 16.
[22] *See* Def.-Int.'s Resp. to the Court's Order at 1, ECF No. 17; *CVB Inc. v. United States*, No. 24-00036 (Ct. Int'l Trade 2024).
[23] Stipulation of Dismissal, *CVB*, ECF No. 36.
[24] Def.'s Mot. Voluntary Remand (Sept. 10, 2024), ECF No. 21.
[25] Order Granting Remand (Sept. 11, 2024), ECF No. 22.
[26] Email from Tina Marie Whiteside, Paralegal Specialist, to Parties (Sept. 20, 2024, 4:21 PM EST).
[27] Email from Kareen Campbell, International Trade Analyst, to Parties (Oct. 10, 2024, 4:25 PM EST).
[28] Zinus Comments on Scope Ruling (Oct. 21, 2024).
[29] *Id.* at 5.

### III.    ANALYSIS

In its Determination, CBP found that Zinus imported metal and wood platform bed models by evasion.[30] During its investigation, TRLED reviewed various models of such platform beds imported by Zinus, including the "Wesley"; the "Paul" (subsequently named "the Sonoma"); the "Olivia" (subsequently named the "Tuscan"); the "Therese" (subsequently named the "Horizon"); and the "Suzanne" (also known as the "Ironline").[31] Zinus indicated to CBP that some of these models were metal and wood platform beds.[32] Other models were determined to be metal and wood platform beds through CF-28 responses and cargo exams.[33] CBP determined that the AD Order covered all of these models.[34] Given that Zinus did not enter these platform bed models as being subject to the AD Order, CBP determined that Zinus entered the merchandise into the United States through evasion.[35]

Under EAPA, evasion is defined as:

> entering *covered merchandise* into the customs territory of the United States by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material, and that results in any cash deposit or other security or any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise.[36]

In turn, covered merchandise is merchandise that is subject to an AD or countervailing duty (CVD) order.[37] As noted above, Commerce has issued a final, unappealable[38] scope ruling that found certain Zinus metal and wood platform bed models to be outside the scope of the AD

---

[30] Determination at 12.
[31] *Id.* at 6–8.
[32] *Id.* at 6.
[33] *Id.* at 6–8.
[34] *Id.* at 6–9.
[35] *Id.* at 4, 7–9.
[36] 19 U.S.C. § 1517(a)(5) (emphasis added).
[37] *Id.* § 1517(a)(3).
[38] Stipulation of Dismissal, *CVB*, ECF No. 36.

Order.[39]  The platform bed models covered by the Zinus Scope Ruling are the following: (1) the Wesley Platform Bed with Canopy (SKUs: FBMIND-72F and FBMIND-72Q); (2) the Wesley Wood and Metal Platform Bed (SKUs: FBOWNM-12T, FBOWNM-12F, FBOWNM-12Q, and FBOWNM-12K); (3) the Paul Metal and Wood Platform Bed (SKUs: HBPBA-14T, HBPBA-14F, HBPBA-14Q, and HBPBA-14K); (4) the Olivia Metal and Wood Platform Bed (SKUs: HBPBB-14T, HBPBB-14F, HBPBB-14Q, and HBPBB-14K0; (5) the Therese Metal and Wood Platform Bed (SKUs: OLB-RPPBC-14T, OLB-RPPBC-14F, OLB-RPPBC-14Q, OLB-RPPBC-14K); (6) the Mory Wood and Metal Platform Bed with Split Headboard (SKUs: ZU-FBOBH1-12T, ZU-FBOBH1-12F, ZU-FBOBH1-12Q, and ZU-FBOBH1-12K); and (7) the Mory Wood and Metal Platform Bed (SKUs: ZU-FBOBH2-12T, ZU-FBOBH2-12F, ZU-FBOBH2-12Q, and ZU-FBOBH2-12K).[40]  Commerce found that these platform bed models were not covered by the AD Order because the use of wood in their composition was not extensive, and the wooden components in the models were not integral to their composition to the extent that their removal would result in a product substantially different from the original product.[41]

After reviewing the Zinus Scope Ruling, CBP has determined that it applies to all of the Zinus bed models that were the subject of this investigation.  Specifically, the Zinus Scope Ruling directly analyzed whether the Wesley, Paul/Sonoma, Olivia/Tuscan, and Therese/Horizon models discussed above are subject to the AD Order and found that none of these models constitutes in-scope merchandise.

---

[39] *See* Zinus Scope Ruling.
[40] *Id.* at 2–5.
[41] *Id.* at 12–15.

Zinus also imported Suzanne/Ironline models during the period of investigation, which were not analyzed in the Zinus Scope Ruling.[42] CBP has considered the information on the record regarding the appearance, construction, and specifications of the Suzanne/Ironline model. This information indicates that the Suzanne/Ironline model contains a metal frame and wooden pieces of headboard and footboard similar to the Wesley, Paul/Sonoma, Olivia/Tuscan, and Therese/Horizon models that Commerce found to be outside the scope of the AD Order.[43]

We also note that Zinus provided information during the EAPA proceeding indicating that the Suzanne model was being converted from wood to bamboo.[44] It is unclear whether the Suzanne/Ironline models imported during the period of investigation were made from bamboo. However, to the extent they were made with wood rather than bamboo, as discussed above, the information on the record regarding the Suzanne/Ironline model demonstrates that it is very similar in appearance and construction to the models found by Commerce to be outside the scope of the AD Order. Therefore, we conclude that the Suzanne model is not covered merchandise.[45]

Thus, the merchandise imported by Zinus during the period of investigation did not constitute covered merchandise within the meaning of 19 U.S.C. § 1517(a)(3), because it was not covered by the AD Order on WBF from China. Accordingly, CBP finds that there is not substantial evidence that Zinus imported covered merchandise into the United States through evasion.

The Determination and the Administrative Review are hereby reversed.

---

[42] We note that Zinus did not make any arguments on remand as to the Suzanne/Ironline model. While it could be argued that Zinus has failed to exhaust its administrative remedies with respect to the Suzanne/Ironline model and/or abandoned its claim that this model is out-of-scope merchandise, our review of the record on remand (in light of the Zinus Scope Ruling) leads us to conclude that there is substantial evidence that the Suzanne model is not covered merchandise.
[43] *See* Zinus Description of SKUs - Exhibit 2 Excels (November 7, 2022) and Determination as to Evasion (July 21, 2023).
[44] *See* Zinus Description of SKUs at 7 (November 7, 2022).
[45] *See* Zinus Scope Ruling at 13–14.

IV. **COMMENTS BY INTERESTED PARTIES**

On December 13, 2024, CBP issued the draft of this remand redetermination and afforded the parties to the investigation an opportunity to submit comments. On December 20, 2024, Zinus submitted comments agreeing with CBP's reversal of its original finding of evasion.[46] CVB did not submit any comments.

In its comments, Zinus noted that Commerce's final and unappealable scope ruling covered all of the models at issue in the underlying EAPA investigation.[47] While the Suzanne/Ironline models were not directly addressed in the Zinus Scope Ruling, Zinus does not challenge that these models are very similar in appearance and construction to the models that Commerce found are outside the scope of the AD Order.[48] Thus, Zinus "agree[d] with CBP's reversal of its affirmative evasion determination on remand on the grounds that these models are not covered by the scope of the AD Order, and consequently, could not have evaded antidumping duties imposed pursuant to this order."[49]

---

[46] *See* Zinus Brief on Draft Remand Redetermination (Dec. 20, 2024).
[47] *Id.* at 2.
[48] *Id.*
[49] *Id.* at 4.


V.  **CONCLUSION**

Upon review of the entire administrative record, and in light of Commerce's decision in the Zinus Scope Ruling, CBP reverses its determination of evasion.

/s/ VICTORIA Y CHO
_____

Victoria Cho

Director – Enforcement Operations Division
Trade Remedy Law Enforcement Directorate
Office of Trade
U.S. Customs and Border Protection

/s/ ALICE A KIPEL
_____

Alice A. Kipel

Executive Director
Regulations and Rulings
Office of Trade
U.S. Customs and Border Protection