IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| ZINUS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>and<br><br>CVB, INC., dba MALOUF,<br><br>Defendant-Intervenor. | Court No: 23-00272 |

JOINT STATUS REPORT

Pursuant to the Court's September 11, 2024 order, ECF No. 22, the parties respectfully submit this joint status report. Plaintiff, Zinus, Inc., brought this action to contest U.S. Customs and Border Protection (CBP)'s determination as to evasion in EAPA consolidated case number 7718. *See* Compl. ¶¶ 38-52, ECF No. 3. On September 10, 2024, defendant moved for a voluntary remand so that CBP could reconsider or further explain its evasion determination in light of a January 11,

2024 final scope determination by the Department of Commerce (Commerce) that became final on August 15, 2024. *See* Def. Partial Consent Motion for a Voluntary Remand, ECF No. 21. That final scope determination concerned the same metal and wood platform beds entered by plaintiff that are at issue in the contested CBP determination. *See Notice of Scope Rulings: Wooden Bedroom Furniture from China: Scope Ruling on Zinus Inc.'s Metal and Wood Platform Beds*, 89 Fed. Reg. 63,407 (Dep't of Commerce Jan. 11, 2024) (Case No. A-570-890) (Zinus Scope Ruling). Commerce concluded that the metal and wood platform beds imported by Zinus are not covered by the scope of the anti-dumping duty (AD) order on wooden bedroom furniture from China. *See id*.

Pursuant to the Court's September 11, 2024 order, CBP has completed its remand and reversed its determination of evasion. In CBP's January 10, 2025 remand redetermination, ECF No. 24, CBP explains that "after reviewing the information placed on the administrative record during the investigation, in light of the Zinus Scope Ruling, CBP reverses its determination of evasion because the wooden bedroom furniture entered by Zinus is not covered merchandise

within the meaning of EAPA." ECF No. 24 at 1-2 (internal citation omitted).

The parties have conferred and counsel to plaintiff and defendant agree that no further litigation is necessary. Counsel for defendant-intervenor, CVB Inc. d/b/a Malouf, does not object to plaintiff and defendant's position that no further litigation is necessary. Thus, the parties submit that there is no need for the parties to propose a deadline for the filing of the administrative record nor a briefing schedule.

We respectfully ask that the Court sustain CBP's remand redetermination and conclude this matter.

Respectfully submitted,

/s/ J. David Park
J. David Park
Lynn Fischer Fox
Henry D. Almond
Gina M. Colarusso
Archana Rao P. Vasa

*Counsel to Zinus, Inc., Plaintiff*

ARNOLD & PORTER KAYE SCHOLER LLP
601 MASSACHUSETTS AVENUE, N.W.
WASHINGTON, D.C. 20001
PHONE: (202) 942-5646
EMAIL: David.Park@arnoldporter.com

Brett A. Shumate
Acting Assistant Attorney General

Patricia M. McCarthy
Director

/s/ Franklin E. White, Jr.
Franklin E. White, Jr.
Assistant Director

/s/Liridona Sinani
Liridona Sinani
Senior Trial Counsel

COMMERCIAL LITIGATION BRANCH
CIVIL DIVISION
U.S. DEPARTMENT OF JUSTICE
P.O. BOX 480
BEN FRANKLIN STATION
WASHINGTON, D.C. 20044
PHONE: (202) 353-2188
FAX: (202) 307-0972
EMAIL: Liridona.Sinani@usdoj.gov

OF COUNSEL:

JOHN FLANAGAN
Attorney
U.S. Customs and Border Protection
Office of Chief Counsel

*Attorneys for Defendant*

/s/ Emily Lawson
Emily Lawson

Kelly A. Slater

*Counsel to CVB Inc., dba Malouf, Defendant-Intervenor*

APPLETON LUFF
1700 SEVENTH AVE.
SUITE 2100
SEATTLE, WA 98101
PHONE: (206) 357-8522
Email: lawson@appletonluff.com

1025 CONNECTICUT AVENUE, NW
SUITE 1000
WASHINGTON, DC 20036
PHONE: (301) 649-2149

Dated: January 21, 2025